**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| TARKETT USA INC. d/b/a TARKETT NORTH AMERICA, § § § | |
| Plaintiff, § § | |
| v. § | Civil Action No. _____ |
| § | |
| HARNIX CORPORATION d/b/a LINRON, J. RON HARRIS, LINDA KRIENKE, GILLES DE BEAUMONT, § § § § § § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Defendants Harnix Corporation d/b/a Linron, J. Ron Harris, and Linda Krienke (collectively, the "Linron Defendants) file this Notice of Removal pursuant to 28 U.S.C. §§ 1441 *et seq.*, as follows:

1

**Commencement and Service**

1. On August 29, 2016, Plaintiff filed a lawsuit against Defendants styled CV-16-868321, *Tarkett USA Inc., etc. v. Harnix Corporation, Etc., et al.*, in the Court of Common Pleas, Cuyahoga County, Ohio. The dispute involves alleged breach of contract, intentional misrepresentation, and tortious interference with business relationships between a flooring tile manufacturer – Plaintiff – and a reseller/installation company – Harnix Corporation d/b/a Linron – and its principals and employees.

2. The state court complaint and summons were served on Defendants via FedEx from Nailah K. Byrd, Clerk of the Court of Common Pleas of Cuyahoga County, Ohio on September 1, 2016. This Notice of Removal is filed within 30 days of the receipt of such service and is, therefore, timely under 28 U.S.C. § 1446(b).

**Grounds for Removal**

3. This action is removable because there is complete diversity of citizenship between the Plaintiff and the parties properly joined as defendants, and because the damages alleged are in excess of $75,000.00. Accordingly, this matter is within the original jurisdiction conferred on this Court pursuant to 28 U.S.C. § 1332(a).

**A.     Diversity of Citizenship**

4. The state court complaint names four defendants. The first named Defendant is Harnix Corporation, d/b/a Linron ("Linron"). Linron is a distributor, reseller, and installation project manager of flooring materials that was formed under the laws of Texas. Linron is incorporated in Texas and its principal place of business is in Houston, Texas. As such, Linron is a citizen of Texas pursuant to 28 U.S.C. § 1332(c)(1).

5. The second named Defendant is J. Ron Harris ("Harris"). Harris is a principal and officer of Linron, and is a Texas resident who intends to remain in Texas permanently. As such, Harris is a citizen of Texas pursuant to 28 U.S.C. § 1332(a) and *Newton v Commissioners*, 100 U.S. 548, 562 (1879).

6. The third named Defendant is Linda Krienke ("Krienke"). Krienke is a principal and officer of Linron, and is a Texas resident who intends to remain in Texas permanently. As such, Krienke is a citizen of Texas pursuant to 28 U.S.C. § 1332(a) and *Newton v. Commissioners*, 100 U.S. 548, 562 (1879).

7. The fourth named Defendant is Gilles de Beaumont ("de Beaumont"). De Beaumont is an employee of Linron, and is a Texas resident who intends to remain in Texas permanently. As such, de Beaumont is a citizen of Texas pursuant to 28 U.S.C. § 1332(a) and *Newton v. Commissioners*, 100 U.S. 548, 562 (1879).

8. Plaintiff is Tarkett USA Inc. d/b/a Tarkett North America ("Tarkett"). According to the state court complaint, Tarkett is Delaware corporation with its principal place of business in Solon, Ohio. *See* Complaint at ¶ 1.

**B. Amount in Controversy**

9. In its Complaint, Plaintiff asserts it seeks relief in excess of $75,000. *See* Complaint at ¶ 16 (claiming breach of contract resulting in damages for lost business with average annual sales of $14,500,000); *see also* Complaint at ¶¶ 69, 76, 83, and 91 (specifying damages that exceed $75,000). The Complaint seeks the recovery of these alleged damages from the Defendants, as well as an order of specific performance against Linron, Harris, and Krienke. Complaint at ¶ 60. The Complaint also seeks punitive damages against the Defendants and disgorgement of severance payments and other benefits under the de Beaumont Separation

Agreement against Defendant de Beaumont for breach of contract. Complaint at ¶¶ 83, 91, and 99. Lastly, the Complaint seeks an award of attorneys' fees. Complaint at p. 19.

10. The Linron Defendants can rely on these damage allegations to meet the jurisdictional requirement for this Court. 28 U.S.C. § 1446(c)(2); *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

**C.     Consent to Removal**

11. All defendants consent to this removal. Defendant de Beaumont's Notice of Consent to Removal is attached hereto as Exhibit A.

## Venue

12. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court suit in which this case is currently pending is located in this district and division.

## Notice to State Court

13. The Linron Defendants will promptly file a copy of this Notice of Removal with the clerk of the Court of Common Pleas of Cuyahoga County, Ohio in accordance with 28 U.S.C. § 1446(d), as well as provide Plaintiff with a copy of same.

## Jury Demand

14. Plaintiff did demand a jury in the state court lawsuit.

## State Court Documents

15. Pursuant to 28 U.S.C. § 1446(a), 1447(b), and 1449, the following state court documents are attached to this Notice of Removal:

   a) Summons and Complaint; and

   b) Federal Civil Cover Sheet.

**Corporate Disclosure Statement**

16. Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, Linron's Corporate Disclosure Statement will be filed contemporaneously with this notice.

**Conclusion**

17. This Court has jurisdiction in this case as the Linron Defendants have shown that complete diversity exists among the parties and the amount in controversy for federal diversity jurisdiction is satisfied.

18. For these reasons, the Linron Defendants ask the Court to remove the lawsuit to the United States District Court, Northern District of Ohio, Eastern Division.

WHEREFORE, the Linron Defendants respectfully request that this Court remove this action from the Court of Common Pleas of Cuyahoga County, Ohio to the United States District Court for the Northern District of Ohio, Eastern Division.

    Respectfully submitted,

By: */s/ Matthew D. Ridings*
Matthew D. Ridings
matt.ridings@thompsonhine.com
Mark R. Butscha, Jr.
mark.butscha@thompsonhine.com
**THOMPSON HINE LLP**
3900 Key Center
137 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500
(216) 566-5800 facsimile

*Attorney for Linron Defendants*

OF COUNSEL:

Raymond L. Gregory II
Texas State Bar No. 08438275
rlg2@egglestonbriscoe.com
John Michael Raborn
Texas State Bar No. 24057364
jmr@egglestonbriscoe.com
**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100
(713) 951-9920 facsimile

## CERTIFICATE OF SERVICE

I certify that on September 29, 2016, a true and correct copy of the foregoing was forwarded to all counsel of record, including those indicated below, via any proper method of service allowed by the Federal Rules of Civil Procedure or via any method of service agreed to by the parties:

    Kimberly Moses
    Mark Keaney
    **CALFEE, HALTER & GRISWOLD LLP**
    The Calfee Building
    1405 East 6th Street
    Cleveland, Ohio 44114
    Phone: (216) 622-8200
    Facsimile: (216) 241-0816
    kmoses@calfee.com
    mkeaney@calfee.com

                                                    */s/ Matthew D. Ridings*
                                                    Matthew D. Ridings